ORANGE COUNTY.—HON. R. C. COLEMAN, SURRO-
GATE.—February, 1885.

## WOODRUFF *v.* WOODRUFF.

*In the matter of the estate of* DAVID J. WOODRUFF,
*deceased.*

A Surrogate's court has no jurisdiction to try and determine the question
of the validity of an assignment, procured by the administrator of an
intestate's estate, from one interested therein, of the interest of the
latter, where the same is attacked on the ground of alleged fraud in
its procurement.

A special proceeding instituted, under Code Civ. Pro., § 2685, to procure a
decree revoking letters of administration, is entirely distinct, in its
nature from those referred to in id., § 2514, subd. 11 (second sentence)
which declares that, "where a provision of this chapter prescribes
that a person interested may object to an appointment, or may apply
for an inventory, an account, or increased security, an allegation of
his interest duly verified, suffices, although his interest is disputed ;
unless," etc.   Hence, where such a decree of revocation is sought by
a widow of the intestate, who has assigned her interest in the estate as
widow, by the procurement of the administrator, though she alleges
fraud in such procurement, her proceedings will be dismissed,—the
Surrogate's court being unable to set aside the instrument for fraud ;
until which is done, the petitioner is excluded from the class of persons
interested in the estate, as defined in the first sentence of Code Civ.
Pro., § 2514.

APPLICATION by Susan M. Woodruff, decedent's
widow, for the revocation of letters of administration
issued upon the estate of decedent, who died October
26th, 1884, to William H. Woodruff, his brother,
after citation to the widow to show cause why the
appointment should not be made.

The petition alleged that the administrator, after
his appointment, by means of misrepresentations as
to the amount of the personal estate, and outstanding

claims against the deceased, induced petitioner to execute an assignment, in blank, of her interest in the personal estate, for a sum which he then paid her; that he afterwards filled in the blank with the name of his wife, and caused the assignment to be recorded in the office of the clerk of Orange county; that petitioner had retained counsel to institute proceedings to set aside the assignment; and prayed that, for this misconduct and dishonesty, the administrator be removed, and his letters revoked.

UPON the return of the citation, the administrator moved to dismiss the proceedings, upon the petition itself, on the ground that, by her own showing, petitioner had no interest in the estate.

N. FOWLER, *for petitioner.*

B. R. CHAMPION, *for respondent.*

THE SURROGATE.—This motion to dismiss is made upon the petition itself, before answer, upon the ground that the petitioner, by her own showing, is not a person interested in the estate, within the meaning of the statute, Code Civ. Pro., § 2685. By the petition, it appears that the petitioner is the widow of the deceased. She would, as such, be entitled to a distributive share of the estate. It, however, also appears that she has executed a release or assignment of this interest, whereby the defendant claims that all her interest in the estate was divested, and therefore she cannot institute these proceedings.

Now, this motion is made upon the petition, which must be taken as a whole and not in parts. The alle-

gation showing the execution of the release is coupled with allegations which show that its execution was procured by fraud and was therefore void; being void, the petitioner still has her interest as widow in the estate. This court is of limited jurisdiction, and could not try the question of fraud, if controverted; but if conceded, and for the purposes of this motion we must take the allegations of the petition as they stand, the principles of law operate without the intervention of the court. There is a difficulty which suggests itself at this point, which is that the grantee in the assignment is not a party to these proceedings, but, as these proceedings would in no way affect that party's rights, I suppose the administrator may, so far as he is concerned, concede the fraud, and submit the matter to the determination of the court.

I am, therefore, of opinion that the motion cannot prevail, while the allegations in the petition remain uncontroverted.

---

THIS motion being denied, the respondent filed his answer, in which he denied ever having made any representations in regard to the estate of the deceased which were false, and alleged that all representations by him at any time made to the petitioner were fairly and honestly made, and were made without any attempt to mislead or deceive her; and asked that the proceedings be dismissed, the petitioner not being a creditor or having any interest in the estate of the deceased. Whereupon the Surrogate filed the following opinion, February 12th, 1885:

THE SURROGATE.—This proceeding was brought by the widow of the deceased, to remove the administrator of her late husband's estate, upon the ground of alleged fraudulent and dishonest acts of said administrator, in procuring from her an assignment and transfer of her interest in the estate of the deceased. The administrator, a brother of the deceased, was appointed after default by the widow to show cause. He has filed an answer, in which he denies the fraudulent and dishonest acts charged, and asks that the proceeding be dismissed, because the petitioner is not a person who may institute the proceeding, not being a creditor or person interested in the estate of the deceased (Code Civ. Pro., § 2685).

As widow, the petitioner is entitled to a distributive share in the estate, and would therefore, be a person within the meaning of this section; but the petition shows that she has executed an assignment of this interest, which she, however, claims, by reason of fraud, to be void. If this is a valid instrument, then the petitioner can have no interest whatever in the estate of the deceased. Whether or not it is a valid instrument, this court, being of limited jurisdiction, cannot try and determine (Harris v. Meyer, 3 *Redf.*, 450; Riggs v. Cragg, 89 *N. Y.*, 479), and that question must be determined before we can know whether the petitioner has an interest in the estate. The petitioner, however, urges that she does not wish to try the question of the validity of this assignment in these proceedings, but simply to try the question whether the administrator, by reason of dishonesty (§ 2685, subd. 2), in having, by means of the fraud

and deceit charged, procured the said assignment should be removed from office; and that the petitioner, whose petition contains a verified allegation of interest, is an interested person within the meaning of the latter clause of § 2514, subd. 11, which is as follows: "Where a provision of this chapter prescribes that a person interested may object to an appointment, or may apply for an inventory, an account, or increased security, an allegation of his interest, duly verified, suffices, although his interest is disputed; unless he has been excluded by a judgment, decree, or other final determination, and no appeal therefrom is pending."

Each of these proceedings, in which a verified statement of interest is sufficient, is a perfectly defined and well understood proceeding, about which there is no ambiguity as to what proceedings are intended. A proceeding to remove an administrator is an entirely distinct proceeding from either of them; and can only be instituted by a creditor, or person interested in the estate (§ 2685). Who is an interested person, must be ascertained by the first clause of the eleventh subdivision of § 2514, defining the expression, "person interested," which is: "The expression, 'person interested,' where it is used in connection with an estate or fund, includes every person entitled, either absolutely or contingently, to share in the estate, or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise, except as a creditor."

The only class, of the persons enumerated, to

which this petitioner can claim to belong, is that of a wife, or a person contingently interested. Her interest, as a wife, she has assigned. A person, to be contingently interested, in the legal sense in which that word is used, is one who has an interest depending upon the happening of some defined contingency; —as where a testator gives a legacy to A., provided he shall attain the age of twenty-one years; but, failing to do so, the legacy is given to B. B. is a person contingently interested in the estate of the testator. "Contingently interested" cannot be understood to mean *any possible*, but uncertain event, upon the happening of which a person may become interested; for instance, a father is not, in a legal sense, contingently interested in a legacy given his son, because of the fact that the son might die, and the father inherit the legacy from him; nor do I think that one is contingently interested, who claims to be able to have an instrument, by which his interest in an estate has been assigned, set aside by reason of fraud.

So that, although this court could hear and determine the character of the acts complained of by the petitioner, for the purpose of ascertaining whether the administrator is such a dishonest person as should be removed from his office, still I am of the opinion that the petitioner is not a person who may institute proceedings for that purpose.

An order will, therefore, be made, dismissing these proceedings.